**EXHIBIT 2**

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C.



Lois C. Greisman
Associate Director
Bureau of Consumer Protection
Division of Marketing Practices

April 9, 2018
*Via Federal Express*

Mr. Chen Lai Shen
Chief Executive Officer, Director & General Manager
ASUSTeK Computer Inc.
No. 15 Li-Te Road, Peitou
Taipei 112, Taiwan

## Compliance Warning Re: Magnuson-Moss Warranty Act

Dear Mr. Shen:

The Federal Trade Commission ("FTC"), the consumer protection agency for the United States, enforces the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45, which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC Act requires that any representations be truthful and non-misleading. The FTC also enforces the Magnuson-Moss Warranty Act ("the Warranty Act"), 15 U.S.C. §§ 2301-2312. The Warranty Act is a law that governs consumer product warranties and, among other things, establishes disclosure standards for written warranties. These laws apply to foreign companies when their business practices involve material conduct in the United States or are likely to cause reasonably foreseeable injury within the United States. *See* 15 U.S.C. § 45(a)(4)(A); *see also* 15 U.S.C. § 2310(b).

The Warranty Act prohibits warrantors of consumer products costing more than five dollars from conditioning their written warranties on a consumer's use of any article or service which is identified by brand, trade, or corporate name, unless provided to the consumer for free or the warrantor has been granted a waiver by the Commission.[1] Similarly, warranty language that *implies* to a consumer acting reasonably under the circumstances that warranty coverage requires the consumer to purchase an article or service identified by brand, trade or corporate name is similarly deceptive and prohibited.[2] A violation of the Warranty Act is a violation of Section 5 of the FTC Act.[3]

---

[1] 15 U.S.C. § 2302(c). The Commission may grant a waiver if the warrantor demonstrates to the Commission that the warranted product will function properly only if the article or service so identified is used in connection with the warranted product, and the waiver is in the public interest.
[2] 16 C.F.R. 700.10; 15 U.S.C. § 2310(c).
[3] 15 U.S.C. § 2310(b).

In addition, claims by a warrantor that create a false impression that a warranty would be void due to the use of unauthorized parts or service may, apart from the Warranty Act, constitute a deceptive practice under Section 5 of the FTC Act.[4] Absent a Commission waiver pursuant to Section 2302(c) of the Warranty Act, a warrantor claiming or suggesting that a warranty is void simply because a consumer used unauthorized parts or service would have no basis for such a claim.

The FTC's Division of Marketing Practices has reviewed written warranty materials related to products offered by ASUSTek Computer Inc. (Asus), available on Asus's website, www.asus.com, a website that markets phones, computers, and other products to consumers. Staff has concerns about certain representations your company is making regarding its warranty coverage. Staff is particularly concerned about the following statements in Asus's written warranty:

> [The warranty] applies to firmware issues but not to any other software issues or customer induced damages or circumstances such as but not limited to:
> (a) The Product has been tampered with, repaired and/or modified by non-authorized personnel;
> …
> (c) The warranty seals have been broken or altered;

Staff similarly would be concerned about any additional representations made by Asus that state or imply that its warranty coverage requires a consumer to purchase an article or service identified by Asus or another brand, trade or corporate name. Furthermore, staff would be concerned if Asus, in practice, denied warranty coverage based on the warranty provisions quoted above or similar provisions.

**This letter places you on notice that violations of the Warranty and FTC Acts may result in legal action. FTC investigators have copied and preserved the online pages in question, and we plan to review your company's written warranty and promotional materials after 30 days. You should review the Warranty and FTC Acts and if necessary, revise your practices to comply with the Acts' requirements. By sending this letter, we do not waive the FTC's right to take law enforcement action and seek appropriate injunctive and monetary remedies against Asus based on past or future violations.**

Thank you for your attention to this matter. Please direct any inquiries concerning this letter to Christine M. Todaro at ctodaro@ftc.gov or (202) 326-3711.

Sincerely,

Lois C. Greisman
Associate Director

---

[4] 15 U.S.C. § 45(a); 80 Fed. Reg. 42710, 42713 (Jul/ 20, 2015) (citing Letter from James C. Miller III, Chairman, Fed. Trade Comm'n, et al., to Rep. John D. Dingell (Oct. 14, 1983), reprinted in *Cliffdale Assocs., Inc.*, 103 F.T.C. 110, 174 (1984), available at https://www.ftc.gov/publicstatements/1983/10/ftc-policy-statement-deception, at 2).

2