**EXHIBIT 7**



UNITED STATES OF AMERICA
**FEDERAL TRADE COMMISSION**
WASHINGTON, D.C. 20580

Bureau of Consumer Protection
Division of Marketing Practices

December 21, 2010

Aaron M. Lowe
Vice President, Government Affairs
Automotive Aftermarket Industry Association
7101 Wisconsin Ave., Suite 1300
Bethesda, MD 20814

Patricia Wirth
President
Automotive Oil Change Association
1701 N Greenville Ave., Suite 404
Richardson, TX  75081

Paul Fiore
Executive Vice President
Tire Industry Association
Service Station Dealers of America
1532 Pinter Ridge Place Suite G
Bowie, Maryland 20716

Dear Mr. Lowe, Ms. Wirth, and Mr. Fiore:

    I am responding to concerns your organizations have raised regarding position statements issued by American Honda addressing warranties on parts that are not purchased from an "authorized" Honda or Acura dealer and subsequent repair costs associated with failures due to the use of such parts.[1]  As we mentioned, we take very seriously the concerns you raised and appreciate you bringing these issues to our attention.  We are addressing your concerns as an informal request for a staff advisory opinion.  The opinions and conclusions expressed in the following discussion are those of Commission staff only and are not attributable to, nor binding on, the Commission itself or any individual Commissioner.

---

    [1] Specifically, I am responding to the August 25 letter on behalf of the Automotive Aftermarket Industry Association ("AAIA"), the letters of September 8 and October 26 on behalf of the Automotive Oil Change Association ("AOCA"), our meeting on October 26, and your most recent letter on December 9 on behalf of AAIA, AOCA, and the Tire Industry Association/Service Station Dealers of America, collectively.  Copies of American Honda's position statements provided as part of these letters are attached hereto.

**The Honda Position Statements and Alleged Tying Violations**

Your interpretation of American Honda's position statements is that these statements violate the Magnuson-Moss Warranty Act's ("Magnuson-Moss" or "Act") prohibition on tie-in sales. As you know, Section 102(c) of the Act prohibits warrantors from conditioning warranty coverage on the consumer's using, in connection with the warranted product, an article or service identified by brand, trade, or corporate name, unless the warrantor provides that article or service without charge. In other words, warrantors may not claim that a warranty is void simply because a consumer has used an unauthorized or aftermarket part. In the same vein, no warrantor may condition continued warranty coverage on a consumer using only a named or authorized service station or dealership for their automobile maintenance. Simply stated, "[a] warrantor cannot, as a matter of law, avoid liability under a written warranty where a defect is unrelated to the use by a consumer of 'unauthorized' articles or service."[2]

However, warrantors are permitted to exclude liability for damage or defects <u>caused by</u> the use of unauthorized parts. The FTC's Interpretations under Magnuson-Moss explain: Although "[n]o warrantor may condition the continued validity of a warranty on the use of only authorized repair service and/or authorized replacement parts for non-warranty service and maintenance . . .[t]his does not preclude a warrantor from expressly excluding liability for <u>defects or damage caused by</u> such "unauthorized" articles or service; nor does it preclude the warrantor from denying liability where the warrantor can demonstrate that the defect or damage was so caused."[3]

While we appreciate your view to the contrary, we interpret the American Honda position statements to state that American Honda will not deny warranty coverage for the mere use of an unauthorized part, but rather for damage or defects caused by those parts. Indeed, in the position statements, American Honda states that it "will not be responsible for any subsequent repair costs associated with <u>vehicle or part failures caused by</u> the use of parts other than [Honda/Acura] Genuine parts purchased from an authorized US [Honda/Acura] dealer."[4] The terms of the underlying warranty contain similar provisions.[5] In addition, we note that Honda's warranty terms specifically provide that "service at the dealer is not mandatory for continued warranty coverage."[6]

Therefore, based solely on Commission staff's review of the position statements and the underlying warranty terms, American Honda does not appear to be in violation of the Act's tying

---

[2] 16 C.F.R. 700.10(c).

[3] <u>Id.</u> (emphasis added).

[4] American Honda Position Statement Issued August 20, 2010 (emphasis added).

[5] Honda 2010 Warranty Booklet (Provided to FTC Staff), at 8 (stating that warranty does not cover <u>failures caused by</u> installing accessories not authorized by Honda) (emphasis added).

[6] <u>Id.</u> at 36.

prohibition. We would welcome any information that American Honda operates inconsistent with its position statements or warranty terms and represents to consumers that their warranty is void simply because of the use of unauthorized parts or services. Moreover, should American Honda, or any other warrantor, attempt to deny warranty coverage by claiming that an unauthorized part caused the damage or defect for which the consumer seeks warranty service, the burden will be on the warrantor to demonstrate that it was the unauthorized part that caused that damage or defect.[7]

### The Honda Position Statements and Perceived Misconceptions

You also raised concerns that Honda's position statements could be perceived as misleading, and that there is a common misunderstanding by consumers regarding their warranty rights. Specifically, you contend that consumers are often misinformed about whether they can use aftermarket parts or independent service stations without impacting their warranty coverage.

To address perceived confusion in this area and better inform consumers of their warranty rights under the law, the FTC has issued new consumer education that specifically addresses this issue. This new consumer alert, entitled "Auto Warranties, Routine Maintenance, and Repairs: Is Using the Dealer a Must?," explains in plain terms that it is "illegal for manufacturers or dealers to claim that your warranty is void or to deny coverage under your warranty simply because someone other than the dealer did the work."[8] The education piece also addresses the use of aftermarket parts, and sends a similar message: that it is "illegal for companies to void your warranty or deny coverage under the warranty simply because you used an aftermarket part." Additionally, the new education piece encourages consumers to file a complaint with the FTC should they feel that a dealer denied their warranty claim unfairly. We encourage your organizations to link to this consumer education and to promote it broadly.

Finally, we want to inform you that, in 2011, the FTC will engage in a regulatory review of the rules and guides issued under Magnuson-Moss.[9] Of the rules to be reviewed is 16 C.F.R. Part 700, the FTC's Interpretations of certain provisions of Magnuson-Moss, including the tie-in sales prohibition. Periodic review of the agency's regulations is an important opportunity to assess the effectiveness, costs, and benefits of the rules and guides that the agency issues, and to provide the public and associations such as yours with an opportunity to comment on them. We hope you will weigh in on the upcoming rule review proceedings, as may be appropriate.

The opinions and conclusions expressed in the foregoing discussion are those of Commission staff only and are not attributable to, nor binding on, the Commission itself or any individual Commissioner. The Commission reserves the right to take such further action as the public interest may require. Further, the staff will not be precluded from recommending

---

[7] See 16 C.F.R. 700.10(c) (warrantor is not precluded from denying liability where "the warrantor can demonstrate" the cause of damage or defect) (emphasis added).

[8] See http://www.ftc.gov/bcp/edu/pubs/consumer/alerts/alt192.shtm.

[9] See 75 Fed. Reg. 12,715 (Mar. 17, 2010).

to the Commission an appropriate action should other facts subsequently come to our attention.

      We hope this discussion is helpful to you.  Please continue to contact the Commission whenever we may be of service.

                Very truly yours,

                Lois C. Greisman
                Associate Director